UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| DAVID W. SEALS | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-335 |
| | ) | |
| RON INMAN, OTTO PURKEY, | ) | |
| HAMBLEN COUNTY JAIL, HAMBLEN | ) | |
| COUNTY SHERIFF'S DEPT., | ) | |
| OFFICER RONALD DONALDSON, | ) | |
| SCOTT PURKEY, and JAIL NURSE | ) | |
| PRACTITIONER LISA | ) | |

## MEMORANDUM and ORDER

David W. Seals, a prisoner in the Hamblen County Jail in Morristown, Tennessee, brings this *pro se* civil rights complaint for injunctive relief and (under a liberal construction) damages pursuant to 42 U.S.C. § 1983. Since the plaintiff is a prisoner, he is **ASSESSED** the full filing fee of one hundred, fifty dollars ($150.00).[1] 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).[2]

---

[1] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the increase.

[2] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the

In a separate handwritten paper attached to his complaint, the plaintiff alleges that he was beaten by eight inmates to the point that it caused him to suffer a stroke, after defendant Ronald Donaldson told some inmates that the plaintiff was a confidential informant. He contends that he was then thrown into the drunk tank for eight hours, at which time, defendant Ron Inman stepped into the drunk tank, verbally assaulted him, and coerced him into signing a paper agreeing to pay for his own medical treatment and relieving the Sheriff's Department of that responsibility. Only after he signed the paper was the plaintiff taken to the hospital, where he stayed for seven days.

Thereafter, he was returned to the jail, placed in a minimum security area, and then released by Officer James Coffey on "house arrest." Three months later, the plaintiff was picked up by law enforcement officials because the Hamblen County jail had falsely charged him with jail escape. He was taken to the jail and

---

custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit installment payments to the Clerk of Court, until the full amount of the filing fee has been paid. The Court takes judicial notice that, in another Hamblen County prisoner's case, the plaintiff submitted a statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:-5-cv-148, Doc. 6. Thus, the Court concludes that the plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee and this constitutes a financial obligation on the part of the plaintiff.

placed in a holding cell for 18 days before he was brought before a judge, who re-released him and dismissed the escape charges.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning every single claim stated in the complaint, *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), as to each defendant associated with his claims. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

The plaintiff asserts in paragraph II of his complaint that the Hamblen County jail has a prisoner grievance procedure, but that he did not present the facts relating to his claims through the grievance system because he "was reffused (sic) an (sic) grievance form."

The plaintiff, however, does not identify the person(s) who denied his

3

request for a grievance form, nor allege the date of his request, nor any of the circumstances surrounding the request. Nor does he contend that he made an attempt to file a grievance without a form, *see Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001), though he does maintain that he complained to officers, jailers, the Sheriff, the Chief Jailer, Scott Purkey, and the nurse. General allegations that a prisoner was denied a grievance are insufficient to satisfy the statutory requirements in § 1997e. *See Fitts v. Faghihnia*, 21 Fed.Appx. 243, 245, 2001 WL 1298837, *2 (6th Cir. Aug. 7, 2001). Moreover, verbal complaints to prison officials, which are made in lieu of utilizing an established grievance procedure, are insufficient to show administrative exhaustion of claims. *Shepard v. Wilkinson*, 2001 WL 1563934, *1 (6th Cir. Dec. 5, 2001) (finding that "a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claim"). Thus, the plaintiff has failed to bear his burden of showing exhaustion as to each constitutional claim raised in his complaint.

Accordingly, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

A separate order will enter.

4

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE

5